IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKEDHA NICKELBERRY,<br><br>          Plaintiff,<br>   v.<br><br>DAIMLERCHRYSLER CORPORATION, et al.,<br><br>          Defendants / | No. C-06-1002 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT LITHIA OF FAIRFIELD, INC. SHOULD NOT BE DISMISSED** |

Before the Court is defendant DaimlerChrysler Corporation's ("DCC") Notice of Removal.

In her complaint, plaintiff Jakedha Nickelberry ("Nickelberry") alleges two claims, specifically, strict products liability and negligence. The claims are based on an allegation that Nickelberry incurred injuries while driving a "2002 Dodge Neon, California License Plate No. 4TAX646, Vehicle Identification No. 1B3ES26C02D556481." (See Compl. ¶¶ 11, 13.) The complaint names four defendants, each of which Nickelberry alleges was "engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, repairing, marketing, warranting, leasing, renting, selling, retailing, wholesaling and advertising" the subject vehicle. (See Compl. ¶ 11.)

In its Notice of Removal, DCC asserts the district court has diversity jurisdiction over plaintiff's complaint because DCC, defendant Dollar Rent A Car, Inc., and defendant Dollar

Thrifty Automotive Group, Inc., are diverse in citizenship from Nickelberry. DCC acknowledges that the fourth defendant, Lithia of Fairfield, Inc. ("Lithia"), is a citizen of California, the same state of which Nickelberry is a citizen. DCC states, however, that the citizenship of Lithia "should be disregarded for purposes of determining jurisdiction," (see Notice of Removal ¶ 8), i.e., that Lithia is a fraudulently-joined defendant.

"Fraudulent joinder is a term of art." McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. Where a defendant has been fraudulently joined as a party, a district court should dismiss such defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure.[1] See, e.g., Graphic Resources Group, Inc. v. Honeybaked Ham Co., 51 F. Supp. 2d 822, 829 (E.D. Mich. 1999) (holding where "no reasonable basis" to support claim against non-diverse defendant exists, such defendant is "fraudulently joined" and should be dismissed pursuant to Rule 21).

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F. 2d at 1339. Thus, in determining whether a defendant has been fraudulently joined, the district court may look beyond the pleading and consider evidence. See Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F. 3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.")

Here, in support of its assertion that Lithia, an automobile dealership, has been improperly joined as a party, DCC offers the declaration of Sean Ostler ("Ostler"), Lithia's General Manger. (See Ostler Decl. ¶ 1.) Ostler declares that he has access to "all the purchase, sale, repair and service records of Lithia," and that, having reviewed such

---

[1] Under Rule 21, a party "may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just." See Fed. R. Civ. P. 21.

2

records, he "confirmed that from November 2003 when Lithia was opened to the present, Lithia did not purchase, sell, repair or service the [vehicle identified in the complaint.]" (See id. ¶¶ 3-5.)

Under settled California law, entities, including retailers, that place a defective product into the stream of commerce can be held strictly liable for injuries caused by such defective product. See, e.g., Bell v. Industrial Vangas, Inc., 30 Cal. 3d 268, 279 (1981) (observing manufacturers, designers, and sellers of defective products can be held strictly liable for "introducing a defective product into the stream of commerce").  Also, under settled California law, an entity that negligently services a vehicle can be liable to users of that product. See, e.g., Dunn v. Vogel Chevrolet Co., 168 Cal. App. 2d 117 (1959); see also Gagne v. Bertran, 43 Cal. 2d 481, 487 (1954) (noting provider of service not liable in absence of negligence or intentional misconduct). Here, as noted, DCC offers evidence that Lithia did not place the vehicle in the stream of commerce and did not service or repair the vehicle. In the absence of any showing to the contrary, under settled California law, Nickelberry cannot "possibly prevail" on either a strict products liability or negligence claim against Lithia. See Morris, 236 F. 3d at 1068.

Accordingly, Nickelberry is hereby ORDERED TO SHOW CAUSE, in writing not to exceed ten pages in length exclusive of exhibits, and no later than April 14, 2006, why Lithia should not be dismissed pursuant to Rule 21 as a fraudulently joined party. DCC may file a reply to plaintiff's response, not to exceed ten pages in length exclusive of exhibits and no later than April 21, 2006, on which date the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: March 14, 2006

MAXINE M. CHESNEY
United States District Judge