**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JAKEDHA NICKELBERRY,                    No. C-06-1002 MMC

12              Plaintiff,                    **ORDER GRANTING PLAINTIFF'S**
        v.                                   **MOTION FOR REMAND; VACATING**
13                                           **ORDER**
     DAIMLERCHRYSLER CORPORATION, et
14   al.,

15              Defendants
     _____/
16

17        Before the Court is plaintiff Jakedha Nickelberry's ("Nickelberry") motion for remand,

18   pursuant to 28 U.S.C. § 1447(c).  Defendant DaimlerChrysler Corporation's ("DCC") has

19   filed opposition, to which Nickelberry has replied.  Having considered the papers filed in

20   support of and in opposition to the motion, the Court deems the matter suitable for decision

21   on the papers, VACATES the hearing scheduled for April 21, 2006, and rules as follows.

22        In her complaint, Nickelberry alleges she was injured by a defective vehicle and

23   seeks relief under state law.  In its notice of removal, DCC alleges that diversity jurisdiction

24   exists over Nickelberry's claims, asserting that the amount in controversy exceeds $75,000,

25   that Nickelberry is a citizen of California, that defendants DCC, Dollar Rent a Car, Inc.

26   ("Dollar Rent A Car") and Dollar Thrifty Automotive Group, Inc. ("Dollar Thrifty") are citizens

27   of states other than California, and that the California citizenship of defendant Lithia of

28   Fairfield, Inc. ("Lithia") should be disregarded on the ground Lithia is a fraudulently-joined

1  defendant.

2      In her motion, Nickelberry challenges DCC's allegation that Dollar Rent a Car has its

3  principal place of business in Oklahoma.  In light of such challenge, the burden shifts to

4  DCC to offer "competent proof" that Dollar Rent A Car is a citizen of Oklahoma.  See Gaus

5  v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992) (holding where plaintiff challenges

6  jurisdictional allegations in notice of removal, removing party must support its allegations

7  "by competent proof").  In response to Nickelberry's motion, DCC relies exclusively on an

8  unsworn statement, made by counsel for Dollar Rent A Car, that such defendant has its

9  principal place of business in Oklahoma.  (See Def. Dollar Rent A Car and Dollar Thrifty's

10  Consent to Removal, filed March 31, 2006, at 1:24-2:1.)  Such unsworn statement is

11  inadmissible to prove Dollar Rent A Car's citizenship, see EOTT Energy Operating Ltd.

12  Partnership v. Winterthur Swiss Ins. Co., 257 F. 3d 992, 998 (9th Cir. 2001) (holding

13  counsel's unsworn "assertions" that defendant was instrumentality of foreign state, and thus

14  entitled to removal, "not part of the factual record"), and, consequently, does not constitute

15  the requisite "competent proof," see Gaus, 980 F. 2d at 566.

16      Accordingly, DCC has failed to show that Nickelberry and Dollar Rent A Car are

17  diverse and, as a consequence, DCC has failed to demonstrate the Court has subject

18  matter jurisdiction over the instant action.

19      As additional support for her motion, Nickelberry challenges DCC's allegation that

20  Lithia is a fraudulently-joined defendant, arguing DCC has failed to show it is "obvious

21  according to the settled law" of California that Nickelberry cannot prevail against Lithia.

22  See McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987).  Although DCC

23  has offered evidence to show Lithia did not itself sell, repair or service the subject vehicle,

24  (see Notice of Removal Ex. C), Nickelberry argues that DCC has not made any showing

25  that Nickelberry is unable to prevail against Lithia under a theory of successor liability, and,

26  in particular, any showing that Nickelberry will be unable to establish she purchased the

27  vehicle from Lithia's predecessor.  In response, DCC points out that successor liability is

28  not specifically alleged in the complaint, concluding therefrom that Nickelberry fails to state

2

1    a claim against Lithia.  Assuming, <u>arguendo</u>, a plaintiff cannot proceed against a defendant

2    under a theory of successor liability unless such theory is specifically pleaded in the

3    complaint, DCC has failed to show that, under California law, Nickelberry would not be

4    afforded leave to amend her complaint to address the purported pleading deficiency on

5    which DCC relies.

6         Accordingly, DCC has failed to show it is obvious under settled state law that

7    Nickelberry cannot prevail against Lithia,[1] and, consequently, for this additional reason,

8    DCC has failed to demonstrate that the Court has subject matter jurisdiction over the

9    instant action.[2]

10                                        **CONCLUSION**

11        For the reasons stated above, Nickelberry's motion to remand is hereby GRANTED,

12   and the action is REMANDED to the Superior Court of the State of California, in and for the

13   County of Alameda.

14        The Clerk shall close the file.

15        **IT IS SO ORDERED.**

16

17   Dated: April 17, 2006

18                                          MAXINE M. CHESNEY
                                            United States District Judge

19

20

21

22

23

24

_____

25        [1]The Court's order to show cause, filed March 14, 2006, by which the Court directed
     Nickelberry to show cause why her claims against Lithia should not be dismissed on
26   grounds of improper joinder, is hereby DISCHARGED.

27        [2]In light of the Court's findings that it lacks subject matter jurisdiction over the above-
     titled action, the Court does not consider Nickelberry's alternative argument that the notice
28   of removal is procedurally deficient.